IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT T. YEAGER,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     CIVIL ACTION NO. 2:12-CV-122-TMH
                                     )                [WO]
SHERIFF D.T. MARSHALL, *et al.*,     )
                                     )
          Defendants.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate currently incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, files this 42 U.S.C. § 1983 action against Sheriff D.T. Marshall, Major Palmer, Captain Matthews, Lieutenant Gardner, Lieutenant Ford, Sergeant Williams, Officer Scarver, grievance clerk F. Davis, and Captain Christbourg. He complains that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged by Defendants for which he seeks and investigation by the U.S. Marshal regarding "issues of custody with inmates." Plaintiff also requests his removal from Defendants' custody. Upon review of the complaint, the court concludes that dismissal of some claims and defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]   A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.

## I.  THE COMPLAINT

Plaintiff asserts the following issues in the instant cause of action:

1.  Lt. Gardner violated a "conflict of interest" by bringing clothes into the detention facility for a relative who is currently incarcerated at the jail.

2.  Plaintiff's grievances submitted to higher ranking jail officials concerning Lt. Gardner's behavior are disregarded and grievance clerk Davis only investigates grievances for low level officers but grievances filed against an officer ranked as a sergeant or higher are not investigated and/or do not receive a response.

3.  Lt. Gardner has subjected him to lockdown as "spite" for  grievances he has filed against her.

4.  Officer Scarver called him a "cracker" in front of Lt. Ford.

5.  Officers are using cruel and unusual punishment with his laundry, food, and hygiene articles because he is on the wrong side of Lt. Gardner.

6.  Defendants are discriminating against him because other inmates get clean sheets every week and commissary privileges twice a week but he does not because he is being hazed.

Doc. No. 1.

## II.  DISCUSSION

---

§ 1915(e)(2)(B)(i)-(iii).

## A. *Respondeat Superior*

Plaintiff names Sheriff Marshall as a defendant because of his position as sheriff and supervisor over the detention facility employees.  His claims are devoid of any allegation that the Sheriff was directly and personally involved in the events and conditions of which he complains at the jail.

The law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability.  *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691-95 (1978)  (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.").    Plaintiff  does not allege that Sheriff Marshall was present for, or personally involved in, the alleged concerns he has about the jail conditions and/or jail staff.  Plaintiff also has not alleged that he has suffered any injury as

a result of any directive, activity, or other policy set forth by the Sheriff which would create vicarious liability.  *See Cottone*, *supra*.  Instead, Plaintiff simply names Sheriff Marshall because he is the sheriff.  Thus, the court finds that Plaintiff's claims against Sheriff Marshall are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e)(2)(B)(i-ii).

## B.  Conflict of Interest

Plaintiff maintains that Defendant Gardner "violated the conflict of interest . . . when she brought clothes into her relative who was a federal inmate."  Doc. No. 1 at 1.  Plaintiff complains that he and other inmates must buy such items or go without.  *Id.*  This claim fails to state a claim under § 1983.  Even if Plaintiff could show favoritism or preferential treatment as a result of the actions about which he complains with respect to Defendant Gardner, this claim simply does not give rise to a right to relief in federal court because it does not state a claim of constitutional magnitude.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## C.  The Grievance Claim

Plaintiff complains that jail officials disregard his grievances and/or fail to respond to them.  An essential element of a § 1983  action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United

States.  *See West v. Atkins*, 487 U.S. at 48; *Parratt v. Taylor*, 451 U.S. 527 (1981).  While a violation of a state or federally-created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally-mandated procedures is a violation of the Constitution.  *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982).

The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures.  *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994).  "Federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure."  *Flicka v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) ("an inmate grievance procedure is not constitutionally required.").  "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."  *Buckley,* 997 F.2d at 495  (citing *Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (N.D. Ill.1982)).

Here, the fact that prison staff may have failed to respond or otherwise comply with the detention facility's rules in addressing grievances filed by Plaintiff provides no basis for relief in the instant complaint.  *See Brown v. Dodson,* 863 F. Supp. 284 (W.D. Va. 1994); *Azeez*, 568 F. Supp. at 10.  Moreover, although 42 U.S.C. § 1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing a suit under § 1983, "[t]he failure

[of prison officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C. § 1997e(b).  In light of the foregoing, the court concludes that Plaintiff's challenge to jail officials' alleged lack of compliance with administrative regulations in response to his inmate grievances is frivolous and due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams,* 490 U.S. 319,  327 (1989).


**D.  *Verbal Abuse***

Plaintiff complains that Officer Scarver subjected him to a derogatory comment in front of Lt. Ford by calling him a "cracker."  The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation.  *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973);  *Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-96 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated on other grounds, reh'g en banc* 407 F.3d 1272 (11th Cir. 2005); *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim).  Further, "[c]laims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment."  *Jackson v. Liberty Cnty.,* 860 F. Supp. 360, 363 (E.D. Tex. 1994).

6

The use of a racial epithet in a single isolated context does not give rise to a cause of action for violation of constitutional rights. *Williams v. Bramer,* 180 F.3d 699, 706 (5th Cir. 1999), *reh'g denied & opin. clarified,* 186 F.3d 633 (5th Cir. 1999). *See also Slagel v. Shell Oil Reference.,* 811 F. Supp. 378, 382 (C.D. Ill. 1993), *aff'd,* 23 F.3d 410 (7th Cir. 1994) (citations omitted) ("[C]itizens do not have a constitutional right to courteous treatment by the police. Verbal harassment and abusive language, while unprofessional and inexcusable, are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983.").

Consequently, the derogatory remark Plaintiff attributes to Defendant Scarver will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. 319.


**E.  Cruel and Unusual Punishment**

Plaintiff complains that officers are using cruel and unusual punishment with his laundry, food, and hygiene articles because he is on "the wrong side" of Lt. Gardner. Doc. No. 1 at 2. Plaintiff's complaint in this regard is not a picture of clarity but the court finds that he has not stated a claim for cruel and unusual punishment under the Eighth Amendment.

The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v.*

*Chapman*, 452 U.S. 337, 349 (1981)).  In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry.  *Farmer*, 511 U.S. at 834.  The objective component requires an inmate to prove the he was denied the "minimal civilized measure of life's necessities."  *Id*.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health."  *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).  The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk.  *Farmer*, 511 U.S. at 834, 837.

Here, Plaintiff's nebulous complaint that he has experienced concerns with his laundry, food, and hygiene articles, without more, does not amount to cruel and unusual punishment.  Plaintiff fails to allege much less indicate that the conditions about which he complains have caused him to  suffer a sufficiently serious constitutional deprivation which may be considered "extreme."  *See Chandler*, 379 F.3d at 1290.  In light of the foregoing, the court finds that this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke*, 490 U.S. 319.

### F.  Equal Protection

Plaintiff complains that he is being discriminated against because he does not get a change of sheets every week and commissary privileges twice a week like the other inmates.  Although he is under no restriction which prohibits either, Plaintiff claims that he "gets

neither because they are hazing me."  Doc. No. 1 at 2.

With respect to Plaintiff's allegation of discrimination, the Equal Protection Clause guarantees that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To establish a claim under the Equal Protection Clause, a prisoner must show that (1) "he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race" or some other constitutionally protected basis.  *Jones v. Ray,* 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted).  Additionally, in order to establish a viable equal protection claim, a litigant must show an intentional or purposeful discrimination.  *Snowden v. Hughes,* 321 U.S. 1, 8 (1944); *E & T Realty v. Strickland,* 830 F.2d 1107, 1113–14 (11th Cir. 1987).

Here, Plaintiff has generally alleged discrimination, but has not identified any specific facts that allow the court to make any plausible inference that any of the treatment he allegedly received from Defendants was based on a constitutionally protected interest.  *See Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler Cnty.,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").  As explained, in order to establish a claim for an equal protection

violation, Plaintiff must allege that Defendants gave differential treatment to prisoners who were similarly situated to him, and that the reason for the adverse treatment was based on a constitutionally impermissible reason.  *Jones,* 279 F.3d at 946–47; *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.,* 467 F.3d 1311, 1318–19 (11th Cir. 2006).  Plaintiff fails to identify any similarly situated prisoners who received more favorable treatment from the named defendants and, thus, his equal protection claim necessarily fails first because he has not alleged that he was treated differently from other, similarly situated inmates. *See Sweet* , 467 F.3d at 1318-19. Further, Plaintiff has generally alleged discrimination, but has not identified any specific facts tending to suggest that any of the treatment he allegedly received from Defendants was based on some constitutionally protected interest.  Because Plaintiff's bald suspicions and assertions of discrimination are unsupported by specific factual allegations, they are insufficient to state a claim for a violation of the Equal Protection Clause.  *See Smith v. Reg'l Dir. of Florida Dep't of Corr.*, 368 F. App'x 9, 12, (11th Cir. 2010); *Iqbal*, *supra*.  Plaintiff's equal protection claim is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 *respondeat superior*, conflict of interest, grievance, verbal abuse, cruel and unusual punishment, and equal protection claims be DISMISSED with prejudice

and prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (ii);

2.   Plaintiff's complaint against Defendants Marshall, Palmer, Matthews, Ford, Williams, Scarver, Davis, and Christbourg be DISMISSED with prejudice prior to service of process;

3.   Defendants  Marshall, Palmer, Matthews, Ford, Williams, Scarver, Davis, and Christbourg be DISMISSED as parties to the complaint; and

4.   Plaintiff's retaliation claim against Defendant Gardner be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 28, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE